Seda SARGSYAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70818.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Sept. 28, 2004.

Before: B. FLETCHER, HANSEN,* and RAWLINSON, Circuit Judges.

MEMORANDUM **

* The Honorable David R. Hansen, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioner Seda Sargsyan appeals the decision of the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) denying her applications for asylum, withholding, and protection under the Convention Against Torture (CAT).

The IJ's adverse credibility determination is supported by substantial evidence in the record. The IJ relied upon inconsistencies in Sargsyan's testimony and application regarding her husband's adherence to the Jehovah's Witness faith, and the length of Sargsyan's membership in that denomination. On this record, we cannot say that a reasonable factfinder would be compelled to credit Sargsyan's testimony. See INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (articulating deferential standard of review). The IJ had no obligation to independently develop the record to clarify the authenticity of documents proffered by Sargsyan. See Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir.2001) (noting that it is petitioner's burden to establish his "eligibility for asylum and withholding of deportation.") (citation omitted).

Petitioner's failure to satisfy the standards for obtaining asylum necessarily forecloses relief on her withholding claim. See Malhi v. INS, 336 F.3d 989, 991–93 (9th Cir.2003).

Finally, none of the evidence presented by Petitioner compels this Court to conclude that Petitioner would, more likely than not, face torture if she returned to Armenia. See Farah v. Ashcroft, 348 F.3d 1153, 1156–57 (9th Cir.2003). Petitioner's challenge to the BIA's summary affirmance is foreclosed by our decision in Falcon–Carriche v. Ashcroft, 350 F.3d 845, 851 (9th Cir.2003).

PETITION DENIED.

BETTY B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent from the denial of asylum, because the adverse credibility determination is not supported by substantial evidence. The apparent inconsistencies in Sargsyan's application and testimony are either adequately explained in her testimony or do not go to the heart of Sargsyan's application.

There is no reason to find not credible Sargsyan's testimony that she is and was a faithful Jehovah's witness. Though Sargsyan's application stated that she became a "member" of the Jehovah's Witness faith in 1992, and her hearing testimony stated that she became a "member" and an unbaptized preacher in 1996, Sargsyan's testimony offers a logical explanation for the discrepancy. On direct examination, Sargsyan explained that she "started studying the Bible with the Jehovah's Witnesses" in 1992, and she "became ... a non-baptized member" in 1996. When cross-examined by the INS attorney, Sargsyan reiterated that she "became a Jehovah's Witness in 1996" after having "started studying the Bible with Jehovah's Witnesses" in 1992. There is no reason given in the record to disbelieve Sargsyan's distinction between studying and being a member, nor is it implausible to imagine that a church that requires its members to wait years before baptism also has a waiting period before becoming an official "member" of the church. The logical inference is that the individual preparing Sargsyan's application stated that she became a member in 1992 because that was the date she first began studying the bible in earnest and became subject to potential harassment. The inconsistent dating of Sargsyan's membership is thus an "inconsistenc[y] of less than substantial importance for which a plausible explanation is offered" and as such cannot form the basis for an adverse credi-

bility determination. *Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998); *see also Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000) ("Any alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding.").

There is no doubt that Jehovah's Witnesses are mistreated, discriminated against, and sometimes persecuted in Armenia. Against this backdrop, Sargsyan's testimony that she was arrested and incarcerated on account of her faith and proselytizing is credible. Although we may doubt her belief that Jehovah released her, it is perfectly believable that she might have been released on account of factors (such as the whim of her persecutors) to which she was not privy.

Finally, the religious beliefs of Sargsyan's husband are irrelevant to Sargsyan's application. Her 1999 application indicates that her husband "always" opposed her faith; by contrast, she testified that he became a Jehovah's Witness himself in 1998. This does seem odd. However, "[m]inor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003). In *Chen v. Ashcroft,* 362 F.3d 611 (9th Cir.2004), the court dismissed inconsistencies in an immigrant's testimony about her husband's religion as not relevant to her fear of persecution on account of political opinion because her "husband's alleged involvement in the Falun Gong movement did not form the basis for her asylum claim," or have any "relationship to her testimony concerning ... her fear that she will be subjected to forced abortion, sterilization, or other persecution if she returns to China." *Id.* at 620. In this case, Sargsyan never alleged that her husband was persecuted on account of religion; as in Chen's case, Sargsyan's "husband's [religious activities] did not form the basis of her asylum claim" or "relat[e] to her testimony concerning ... her fear" of persecution in her home country. *Id.* Because Sargsyan's husband's beliefs do not enhance or detract from her claim, his beliefs do not go to the heart of her application. *See id.* Inconsistencies regarding Sargsyan's husband's belief are therefore insufficient to support an adverse credibility determination.

For these reasons, I would find Sargsyan eligible for asylum and remand for the attorney general to exercise discretion as to its grant.